Common Pleas Court of Hamilton County.

MARY FURLONG V. FIRST PRESBYTERIAN CHURCH ON WALNUT HILLS.

Decided May 31, 1933.

*Walter K. Sibbald,* for plaintiff.
*Nathan R. Park* and *E. R. Heisel,* for defendant.

SCHWAB, J.

This action arose by reason of the death of William A. Furlong, who was accidentally electrocuted on the 24th day of July, 1930, while engaged in repairing a boiler and the heating plant of the First Presbyterian Church on Walnut Hills. As a result thereof, his widow, the plaintiff herein, filed her application with the Industrial Commission of Ohio for a determination of the compensation to her and to her two minor children, upon a consideration of which the Industrial Commission disallowed her claim, on the ground

that the proof submitted did not establish that the deceased was an employe at the time of the alleged injury resulting in his death. An application for re-hearing was duly filed and disallowed. An appeal was taken to this action of the Industrial Commission.

On the record of the hearings before the Industrial Commission this cause was submitted to a jury, which returned a verdict finding that the plaintiff is entitled to participate in the Industrial Compensation Fund.

This matter is now before the court upon a motion for a new trial and a motion for judgment notwithstanding the verdict. The testimony disclosed that the deceased during the school year of 1929-1930 was employed by the Board of Education as an engineer in the public schools, and that during the summer vacation of 1930 he was unemployed. During this period the First Presbyterian Church on Walnut Hills, through its building committee, employed the deceased to make certain repairs to the heating plant of the church. The only evidence as to the terms of this employment is contained in the minutes of the meeting of the trustees of the church as follows:

"Mr. Tarr reported that he had made a contract with a Mr. Furlong by which he agreed to take down the old boiler, put in new nipples at his own expense, and reset the same, replacing the old asbestos covering for the sum of $75.00. On motion of Mr. Reinhart, seconded by Mr. Rittenhouse, this action was approved."

It has been repeatedly held in this state that an independent contractor is not an employe within the meaning of that term as set forth in the Workmen's Compensation Act.

The evidence disclosed that no one on behalf of the church exercised any authority over the manner in which the deceased was to do the work. His hours of work were not regulated and the question of the manner in which the work was carried forward was left entirely to him.

The court is therefore convinced that the verdict of the jury is manifestly against the weight of the evidence.

The motion for a new trial will therefore be granted.

The motion for judgment notwithstanding the verdict will be overruled.